# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00774-RJC-DSC

| | |
|---|---|
| **FIREBIRDS INTERNATIONAL, LLC,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **FIREBIRD RESTAURANT GROUP, LLC AND FIREBIRD IP, LLC,** | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim" (document #9), as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim" (document #9) be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a North Carolina limited liability company with its principal place of business in Charlotte, North Carolina. Defendants are Texas limited liability companies with their principal place of business in Dallas, Texas. Their Managing Member Michael Karns resides and works in Texas.

Accepting the factual allegations of the Complaint as true, Plaintiff owns and operates over forty restaurants under the FIREBIRDS® mark throughout the United States, from Florida to New Jersey and Pennsylvania, across the Midwest to Nebraska and Kansas, and as far west as Arizona. Plaintiffs allege that Defendants own and operate restaurants throughout Texas and Oklahoma under the Firebird name. Plaintiff also alleges that Defendants operate an online store that sells food items from their restaurants that is accessible in North Carolina.

On November 8, 2016, Plaintiff filed its Complaint alleging claims for trademark infringement, false designation of origin and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq.; for trademark and trade name infringement pursuant to N.C. Gen. Stat. § 80-1, et seq.; and for unfair and deceptive trade practices under the laws of the State of North Carolina pursuant to N.C. Gen. Stat. § 75-1.1 et seq. arising from Defendants' unlawful conduct in knowingly and intentionally adopting a trademark that is confusingly similar, if not identical, to Plaintiff's trademarks.

On December 13, 2016, Defendants filed their "Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim" (document #9). In support of their Motion, Defendants submitted affidavits which credibly establish the following jurisdictional facts. Defendant Firebird Restaurant Group, LLC ("FRG") has a website at www.firebirdrg.com, but does not operate an online store. FRG's sole business is providing management services to its restaurants in Texas and Oklahoma. Defendant Firebird IP, LLC ("FIP") owns and licenses intellectual property rights, including trademarks. FIP owns the following trademarks: MARTINEZ BROTHERS AUTHENTIC FAMILY RECIPES, MARTINEZ FAMILY RECIPES for food products, EL FENIX RESTAURANTS, EL FENIX SINCE 1918, EL FENIX MEXICAN RESTAURANTS FAMOUS SINCE 1918, MESOMAYA, MESOMAYA COMIDA Y COPAS,

MIGUEL'S MESOMAYA COMIDA Y COPAS, TAQUERIA LA VENTANA, SNUFFER'S, THE ORIGINAL BETTER BURGER for restaurant services and FIREBIRD RESTAURANT GROUP for restaurant management. FIP licenses these marks to various entities for use in association with restaurant services. FIP licenses the El Fenix, Snuffers, MesoMaya, Tortaco and Taqueria La Ventana restaurants. El Fenix operates an online store. Defendants state that the online store sells gift cards for the El Fenix restaurants, none of which are located in North Carolina. Defendants have no place of business, operations, property, bank accounts, employees or agents in North Carolina.

Defendants contend that they have never sold, offered for sale, or advertised any goods or services in North Carolina under the accused name or trademark.

In its response brief, Plaintiff contends that through early November 2016, the El Fenix website displayed the name Firebird and offered chips, salsa, queso, pralines, margarita mix and gift packs for sale.

Resolving factual disputes in Plaintiff's favor, the Court finds no evidence that Defendants directed any activities toward North Carolina other than for a period of time when a subsidiary corporation offered food items through a website displaying the name Firebird. Plaintiff has offered no evidence that the present action arises from sales made through the website.

Defendant's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party. The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064

(4th Cir. 1982); General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991). A plaintiff must prove facts sufficient for the Court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Plaintiff must show that the exercise of personal jurisdiction over the Defendants complies with the forum state's long-arm statute and the constitutional requirements of due process. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). Since "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4 ] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Id., citing Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). See also Thomas Centennial Communications Corp., No. 3:05CV495, 2006 WL 6151153, at *2 (W.D.N.C. December 20, 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

A court may exercise general jurisdiction over a non-resident defendant if the defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011). There is no evidence that Defendants have continuous and systematic contacts with this state. The operation of an out of state website offering products for sale in North Carolina -

even if conducted by Defendants – is insufficient. Carefirst of Maryland v. Carefirst Pregnancy Ctrs., 334 F.3d 390, 397 (4th Cir. 2003) (Defendant's operation of an out of state website does not amount to continuous and systematic activities within the forum state.); Christian Science Board of Directors of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) ("[T]he Nolan Defendants clearly were not engaged in such 'substantial' or 'continuous and systematic' activities in North Carolina to subject themselves to the district court's general jurisdiction.").

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action arising from the defendant's activities in the forum state. The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

In determining whether jurisdiction is constitutionally reasonable, courts are to consider factors such as: "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." Consulting Eng'rs, 561 F.3d at 279. As the Fourth Circuit has explained, "[m]ore generally, our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation

- 5 -

Case 3:16-cv-00774-RJC-DSC   Document 18   Filed 01/24/17   Page 5 of 7

so gravely difficult and inconvenient that a party unfairly is at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). As the Fourth Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g. & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012), cert. denied, 133 S. Ct. 846 (2013).

When the alleged contacts with the forum state are based upon electronic activity, specific jurisdiction exists only if "that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." ALS Scan, 293 F.3d at 714.[1] See also ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625–26 (4th Cir. 1997) (business activities focusing "generally on customers located throughout the United States and Canada without focusing on or targeting [the forum state]" cannot yield personal jurisdiction).

Applying these principles, there is no basis for the exercise of personal jurisdiction over Defendants in this forum. There is no evidence that Defendants purposely availed themselves of the privilege of conducting business here. Online sales, if any occurred, are not the basis for this action and do not establish specific jurisdiction.

---

[1] While recognizing that unpublished decisions have no precedential value, the Court notes that the Fourth Circuit has held that a parent-subsidiary relationship is insufficient to attribute the subsidiary's contacts to the parent for purposes of personal jurisdiction. Gray v. Riso Kagaku Corp., 82 F.3d 410, 1996 WL 181488, at * 3 (4th Cir. Apr. 17, 1996) ("requiring more than the sharing of directors or other forms of control inherent in the parent/subsidiary relationship to exercise personal jurisdiction over a parent corporation based on its subsidiary's contacts with the forum state" and affirming dismissal).

For those reasons and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that the Motion to Dismiss be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim" (document #9) be **GRANTED** and this matter be **DISMISSED** for lack of personal jurisdiction.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: January 24, 2017

_____
David S. Cayer
United States Magistrate Judge